New Jersey Department of Labor,
Workmen's Compensation Bureau.

SELINA ROBINSON, PETITIONER, v. GERALD B.
JACKSON, RESPONDENT.

Decided July 25, 1934.

For the petitioner, *Milton C. Kitay* and *Nathan Rabinowitz*.

For the respondent, *Herbert C. Dolan*.

This petition is filed to recover compensation because of injuries sustained by reason of an accident which occurred August 25th, 1933.

Petitioner, while employed as a housemaid by respondent at his premises and while about to hang clothes on the line in accordance with her duties, slipped on the lawn in the yard, suffering a fracture of the left foot.

The petition was filed April 3d, 1934, and it is conceded at this time that petitioner is suffering from a permanent disability of the foot although the several physicians called by the respective parties differed in their estimates thereof. In respondent's answer, he contends that he is not liable, alleging that:

"Respondent denies that any disability either temporary or permanent has resulted from petitioner's alleged accident. The respondent further contends that if this petitioner had received medical attention, which she refused, she would have been cured and relieved of all injuries which she alleges to have suffered as a result of her alleged accident."

Respondent had almost immediate knowledge of the accident on August 25th, 1933. Outside of purchasing some liniment and informing his insurance agent who had issued a policy of workmen's compensation insurance to him, he took no further action. On September 20th, 1933, respondent's insurance company had its Dr. Keating examine petitioner and he placed the injured foot in a brace and ordered X-rays taken which were returned on September 23d, 1933. Dr. Keating then discontinued further treatment at the request of a representative of the insurance company. On September 27th, 1933, the insurance company addressed a letter to petitioner offering her medical services and a representative of the company visited her several times for that purpose, and on November 27th, 1933, the said insurance company again wrote to petitioner referring to their offer of medical services and her alleged refusal to accept the same.

Section 20 (e) of the Workmen's Compensation act (chapter 93, laws of 1919, page 209), provides as follows:

"Whenever it shall appear that an employer is being prejudiced by virtue of the refusal of an injured employe to accept proffered medical and surgical treatment deemed necessary by the physician selected by the employer, or his failure or neglect to comply with the instructions of the physician in charge of the case, such employer is hereby authorized to file a petition with the workmen's compensation bureau, which is hereby empowered to order proper medical and surgical treatment at the expense of the employer and in event of refusal or neglect by the employe to comply with this order the bureau shall make such modification in the award contained in the schedule as the evidence produced shall justify."

This statute is mandatory and not self executing. It was the duty of the respondent or his insurance carrier, upon the refusal of petitioner to accept medical treatment, to comply strictly with the provisions of the act and file a petition with the workmen's compensation bureau in accordance therewith. The bureau under this provision is empowered to order proper medical and surgical treatment at the ex-

pense of the employer and in the event of refusal or neglect by the employe to comply with such order of the bureau, the bureau may make such modification in the award contained in the schedule of awards as the evidence produced shall justify by reason of such refusal.

Here neither the employe nor the carrier filed such a petition. Under date of November 21st, 1933, the insurance carrier did prepare and forward to the compensation bureau at Paterson form No. 8, entitled "Application for Informal Hearing." On December 1st, 1933, an informal hearing was scheduled before Acting Referee Frank Mobius, at which time petitioner did not appear. The only notation contained in the informal hearing file reads as follows:

"The Glens Falls Insurance Company requested this hearing as petitioner refuses to accept medical attention."

The insurance company was represented at this hearing but petitioner was not.

I find from a reading of the statute that it was the duty of the employer or his insurance carrier to file a petition in accordance with section 20 (e) of the act, if in fact petitioner refused to accept proper medical and surgical treatment. Petitioner denies any such refusal on her part. If this was done, an order could have been issued for necessary and proper medical care and if then refused by the petitioner, the bureau would have been warranted in suspending further consideration of petitioner's claim and providing for payments thereof. It could also have given consideration to any increase in the permanency of the condition due to petitioner's refusal of treatment.

There was divergent testimony as to whether petitioner's present condition can be corrected by open or closed operation and whether a local or general anæsthetic is necessary in order to perform said operation. That question is not at this time necessary to a decision and this for the reason that no petition had been filed in accordance with the statute. If such a petition had been filed that question could have been determined in those proceedings.

I find therefore:

1. That petitioner sustained a fracture of the left foot as a result of an accident arising out of and in the course of her employment, of which accident the respondent had actual knowledge.

2. As a result of the said fracture, petitioner suffered temporary disability as well as a permanent disability.

3. That petitioner's alleged refusal to accept medical treatment does not preclude her from recovering therefor, assuming that that had been proven, for it appears uncontradicted that respondent did not file the petition provided for under section 20 (e) of the Workmen's Compensation act as hereinabove mentioned.

\*       \*       \*       \*       \*       \*       \*

JOHN C. WEGNER,
*Deputy Commissioner,*